IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RICHARD SLEZAK,<br><br>           Plaintiff,<br><br>     vs.<br><br>YOUNG MEN'S CHRISTIAN ASSOCIATION OF MAUI,  PLANET FITNESS, (MAUI, HAWAII LOCATION);  MAUI COUNTY, ALEXANDER & BALDWIN, LLC, STEVE SCRAGGS, MISTY AMORIN, JANE DOES 1-10, BRIAN BUSTOS, ERICA FLORES, JOHN DOES 1-10, CORPORATIONS 1-10,  DOE PARTNERSHIPS 1-10,  DOE GOVERNMENTAL ENTITIES 1-10,<br><br>           Defendants. | CIV. NO. 25-00272 SASP-RT<br><br><br>FINDINGS AND RECOMMENDATION TO STRIKE ENTRY OF DEFAULT AND DENY MOTION FOR DEFAULT JUDGMENT |

**FINDINGS AND RECOMMENDATION TO STRIKE ENTRY OF DEFAULT AND DENY MOTION FOR DEFAULT JUDGMENT**

Before the Court is *pro se* Plaintiff Richard Slezak's ("Plaintiff") *Motion for Default Judgment (Injunctive Relief Only) Against Defendant Planet Fitness (Maui, Hawaii Location)* ("Motion" or "Motion for Default Judgment") as supplemented by *Plaintiff's Supplemental Memorandum in Support of [Motion]*.  ECF Nos. 61 & 70.  The Court elects to decide the *Motion* without a

hearing, pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii.*

The Court **FINDS** that Plaintiff has not properly served the *Summons* and *Complaint* on an agent authorized to accept service on behalf of Defendant Planet Fitness ("Planet Fitness").  Accordingly, the Court **RECOMMENDS** that the district court **DENY** the *Motion*.

## RELEVANT BACKGROUND

Plaintiff commenced this case with the filing of his *Complaint* on July 2, 2025.  ECF No. 1.  This case arises from, *inter alia*, Plaintiff's allegations that defendants have violated the Americans with Disabilities Act ("ADA") or Hawaii Public Accommodations Law.  In particular, the instant *Motion* seeks default judgment against Planet Fitness at the exclusion of the other defendants in this case.  Plaintiff names the following eight Defendants:

1. Young Men's Christian Association of Maui (Maui YMCA);
2. Planet Fitness (Maui, Hawaii Location);
3. Maui County;
4. Alexander & Baldwin, LLC;
5. Steve Scraggs;
6. Misty Amorin;
7. Brian Bustos;  and
8. Erica Flores.

*Id*. at PageID.1-2.  Plaintiff alleges the following claims:

2

Count 1:    Violation of the Americans with Disabilities Act ("ADA"),
            42 United States Code ("U.S.C") § 12181 et seq. and 42
            U.S.C. § 121812(b)(2)(A)(ii));
Count 2:    Retaliation Under the ADA, 42 U.S.C. §12203(a); and
Count 3:    Violation of Hawaii Public Accommodations Law
            ("HPAL"), Hawaii Revised Statues § 489-3.

*Id*. at 7.  Only Count 1 (ADA) and Count 3 (HPAL) are asserted against Planet

Fitness.  *Id*. at PageID.7.  Plaintiff claims that Planet Fitness improperly denied

him access to its exercise equipment and facilities beginning October 2024 to

the present.  *Id*. at 6.  Plaintiff claims that he suffers from "severe bilateral hip

arthritis," and out of medical necessity, due to his disability, he must wear

"specific non-slip sandals."  *Id*. at 1 & 6.  Plaintiff alleges that Planet Fitness

requires him to comply with their athletic shoe policy when using exercise

equipment at its facility, and this constitutes a refusal to accommodate his

disability and a denial of access.  *Id*. at 6.

On July 2, 2025, the Clerk's Office issued a *Summons* as to Planet

Fitness.  ECF No. 7.  Pursuant to Rule 4 of the Federal Rules of Civil Procedure

("Fed. R. Civ. P."), Plaintiff must serve all defendants a copy of the *Summons*

and *Complaint*.  Fed. R. Civ. P. 4(c)(1).  On November 7, 2025, Plaintiff filed a

*Proof of Service* indicating that a copy of the *Summons* and *Complaint* was

served on Planet Fitness.  ECF No. 41.  Specifically, the *Proof of Service*

indicates that "Jessica Reyes (GM), who is designated by law to accept service

3

of process on behalf of [Planet Fitness (Maui, Hawaii location),]" was served by a process server named Roselani K. AH Loo.  *Id.*

On November 29, 2025, Plaintiff filed a *Request for Clerk's Entry of Default Against Planet Fitness* ("Request").  ECF No. 56.  Plaintiff later filed a *Notice of Errata Regarding Address of Planet Fitness in ECF No. 56*, and corrected the street address of Defendant Planet Fitness from a Kaahumanu Avenue address to a Hoʻokekle Street Address.  ECF No. 57.  On December 2, 2025, the Clerk of Court entered default against Planet Fitness.  ECF No. 58.  On December 4, 2025, Plaintiff filed the instant *Motion* seeking an order granting default judgment against Planet Fitness.

## **DISCUSSION**

When a plaintiff initiates a case by filing a complaint, Fed. R. Civ. P. 4 requires that plaintiff present a summons to the clerk to be issued with the clerk's signature.  Fed. R. Civ. P. 4(a) & (b).  Once a summons is issued, the plaintiff must serve a copy of the summons and complaint on each named defendant within a certain timeframe.  *See* Fed. R. Civ. P. 4(m).  If the defendant is a corporation, Plaintiff must comply with Fed. R. Civ. P. 4(e)-(j) regarding who to serve and the method of service.  Once the defendants have been served a copy of the summons and complaint, "[a] defendant must [typically] serve an answer . . .  within 21 days after being served with the

summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i).  If a defendant fails to answer or respond, plaintiff may seek an entry of default.  Fed. R. Civ. P.55(a) governs entries of default.  Under this statute:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).  Once an entry of default is made by the Clerk of Court, Plaintiff may then seek an entry of default judgment pursuant to Fed. R. Civ. P. 55(b).

In this case, Plaintiff properly obtained a summons and purportedly served his *Summons* and *Complaint* on Planet Fitness.  Upon reviewing the *Proof of Service* submitted by Plaintiff, the Court noticed that service has not been properly completed.  Planet Fitness is a corporation.  Yahoo! Finance, Planet Fitness, Inc. (PLNT), https://finance.yahoo.com/quote/PLNT/profile/ (last visited May 11, 2026).  When serving a corporation in the judicial district of the United States,

> Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>> (1) in a judicial district of the United States:
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>> (B) by delivering a copy of the summons and of the

> complaint to an officer, a managing or general agent, or any
> other agent authorized by appointment or by law to receive
> service of process and—if the agent is one authorized by
> statute and the statute so requires—by also mailing a copy of
> each to the defendant . . .

Fed. R. Civ. P. 4(h)(1).  Under Rule 4(e)(1), a corporation may be served in a

judicial district of the United States by:

> (1) following state law for serving a summons in an action brought in
> courts of general jurisdiction in the state where the district court is located
> or where service is made . . .

Fed. R. Civ. P. 4(e)(1).  The relevant state is the State of Hawaii.  Under Hawaii

law, a *Summons* and *Complaint* shall be served:

> (3) Upon a domestic or foreign corporation or upon a partnership or other
> unincorporated association which is subject to suit under a common
> name, by delivering a copy of the summons and of the complaint to an
> officer, a managing or general agent, or to any other agent authorized by
> appointment or by law to receive service of process . . .

Hawaii Rules of Civil Procedure ("Haw. R. Civ. P.") 4(d)(3).  In other words,

the *Summons* and *Complaint* can be served "**by delivering a copy of the**

**summons and of the complaint to an officer, a managing or general agent,**

**or any other agent authorized by appointment or by law to receive service**

**of process** . . . ".  Fed. R. Civ. P. 4(h)(1) & Haw. R. Civ. P. 4(d)(3) (emphasis

added).

In order to determine who is the authorized agent to accept service on

behalf of Planet Fitness, Plaintiff should consult the State of Hawaii's Department of Commerce and Consumer Affairs ("DCCA"). The DCCA's website provides the name of the agent who is authorized to accept service on behalf of Planet Fitness. Business Registration Division, Department of Commerce & Consumer Affairs, https://hbe.ehawaii.gov/BizEx/home.eb (last visited May 11, 2026). In this case, the authorized agent's name listed is not "Jessica Reyes (GM)." ECF No. 41. Contrary to the *Proof of Service*, Jessica Reyes (GM) is not designated by law to accept service of process on behalf of [Planet Fitness (Maui, Hawaii location)]. The Court thus **FINDS** that service has not been properly completed. Because service of the *Summons* and *Complaint* are incomplete, the entry of default should not have been issued. Accordingly, the *Motion for Default Judgment* should be **DENIED**.

## CONCLUSION

Based on the foregoing, the Court **FINDS** that Plaintiff failed to serve Planet Fitness a copy of the *Summons* and *Complaint*. The Court **RECOMMENDS** that the district court **STRIKE** the *Proof of Service* filed on November 7, 2025 (ECF No. 41) and the Clerk's *Entry of Default* filed on December 2, 2025 (ECF No. 58).

//

//

7

The Court further recommends that the district judge **DENY** the *Motion for Default Judgment* (ECF No. 61), and set a new deadline for Plaintiff to serve his *Summons* and *Complaint*.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, May 11, 2026.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 25-00272 SASP-RT;  *Richard Slezak vs. Young Men's Christian Association of Maui,  Planet Fitness, (Maui, Hawaii Location);  Maui County, Alexander & Baldwin, LLC, Steve Scraggs, Misty Amorin, Jane Does 1-10, Brian Bustos, Erica Flores, John Does 1-10,  Corporations 1-10,  Doe Partnerships 1-10,  Doe Governmental Entities 1-10*; Findings and Recommendation to Strike Entry of Default and Deny Motion for Default Judgment